UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Akers Biosciences, Inc.,

                Plaintiff,

–v–

Lawrence Martin,

                Defendant.

14-cv-8241 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

This case arises out of a contract dispute between Plaintiff Akers Biosciences, Inc. ("Akers") and Defendant Lawrence Martin ("Martin"). On October 15, 2014, Akers filed a declaratory action (the "New York Action") seeking to establish that it did not owe Martin certain royalty payments under the parties' 2007 Purchase Agreement (the "Agreement"). *See* Dkt. No. 1. On October 16, 2014, Martin filed suit in Florida state court (the "Florida Action"), bringing claims for an accounting and breach of contract. *See* Opp., Ex. 2. On November 12, 2014 Akers successfully removed that case to the Middle District of Florida on the grounds of diversity jurisdiction. *See* December 11, 2014 Declaration of Warren Zimmerman ("Zimmerman Decl."), Ex. 6. On November 25, 2014 Akers filed a motion in the Middle District of Florida requesting the Florida Action be stayed pending adjudication of the case here. *Id.* On December 18, 2014, the Middle District of Florida entered an order staying the Florida Action pending this Court's determination of jurisdictional and venue issues. *See* Opp., Ex. 4. Martin contends that the Middle District of Florida is the appropriate venue for this dispute and moves this Court to transfer venue to that District. *See* Dkt. No. 9. For the following reasons, Martin's motion is DENIED.

1

I.  BACKGROUND

This current dispute arises out of a January 23, 2007 Purchase Agreement executed by the parties to this action, whereby Akers acquired certain patent rights from Martin in exchange for cash, stock, and a seven percent royalty on future receipts from sales of a particular patented product. *See* Compl. ¶ 1. The details of the Agreement are not material at this time, save for the fact that it contained a nonexclusive forum selection clause stating that

> [t]he Parties hereby (a) submit to the nonexclusive jurisdiction of any state or federal court sitting in the State of New York for the purpose of any Action arising out of or relating to this Agreement brought by any Party, and (b) irrevocably waive, and agree not to assert by way of motion, defense or otherwise, in any such Action, any claim that it is not subject personally to the jurisdiction of the above-named courts, . . . that the Action is brought in an inconvenient forum, that the venue of the Action is improper or that this Agreement or the transactions contemplated hereby may not be enforced in or by any of the above-named courts.

Compl., Ex. A at § 9.12.

On August 27, 2014, counsel for Martin faxed a demand letter to counsel for Akers, seeking to commence settlement negotiations and requesting a response within ten days. *See* Zimmerman Decl. ¶ 9, Ex. B.[1] Although the parties dispute their respective motivations, both parties agree that the ensuing negotiations broke down when Martin refused to sign a confidentiality agreement limiting the disclosure of certain documents related to any putative settlement discussion. *See* Zimmerman Decl., Ex. C; Opp., Ex. 6.

On October 6, 2014, counsel for Martin wrote a letter to Akers' counsel explaining their refusal to enter into a confidentiality agreement and further explaining that Akers should expect

---

[1] It bears noting that this is not the first dispute between the parties stemming from the Agreement. In 2011, Martin sued Akers in the Circuit Court of the Sixth Judicial Circuit of Florida for, *inter alia*, failing to pay royalties under the Agreement. *See* Declaration of Lawrence Martin ("Martin Decl.") ¶ 4. That case resulted in a stipulation of settlement in April 2012.

any documents provided during settlement discussions to potentially be included as appendices to a possible complaint. *See* Zimmerman Decl., Ex. C. On October 15, 2014, counsel for Akers sent Martin's counsel an email stating that, in light of Martin's October 6, 2014 letter, further negotiations did not seem practical. *See* Opp., Ex. 6. It also stated that Akers would be filing a declaratory action asking the Court to rule on Martin's royalty entitlements and further explained that Akers was still open to a negotiated settlement provided that Martin agreed to a reasonable confidentiality agreement. *Id.* On the same day, Akers filed the instant action. *See* Dkt. No. 1.

## II.    DISCUSSION

Martin seeks to transfer venue on two grounds. First, he contends that special circumstances exist, warranting departure from the usual first-to-file rule. Second, he contends that the balance of conveniences favors venue in the Middle District of Florida, which similarly merits departing from the first-to-file rule or meets the standard for transfer under 28 U.S.C. § 1404(a). Akers responds by reference to the forum selection clause in the Agreement. The Court agrees with Akers that the forum selection clause is largely controlling on the question of venue.

### a.    Martin Has Not Provided a Special Circumstance Warranting Departure From the First-to-File Rule

Martin argues that Akers' decision to file in this District was an act of gamesmanship and constitutes a special circumstance warranting departure from the first-to-file rule. This argument is fatally flawed due to its complete neglect of the longstanding mandatory forum selection clause governing the Agreement in dispute.

The Second Circuit has "explained the settled rule that the first-filed suit should have priority, 'absent the showing of [a] balance of convenience in favor of the second action . . . or unless there are special circumstances which justify giving priority to the second.'" *Michael*

*Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, 12-cv-3858 (KMW) (JLC), 2012 WL 2065294, at *2 (S.D.N.Y. June 7, 2012) (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978). Martin, as the moving party, bears the burden of demonstrating that a special circumstance exists. *Id.*

Special circumstances may exist either where a party improperly files an anticipatory declaratory judgment or where they are attempting to forum shop. *See J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995). It is clear that Akers was not attempting to impermissibly forum shop given the express contemplation of this venue by the parties in the forum selection clause of the Agreement. Moreover, whether Akers' declaratoy action constitutes an improper anticipatory action is, at best, debatable. The mere act of filing a declaratory action is not improper. *See Transatlantic Reinsurance Co. v. Cont'l Ins. Co.*, 03-cv-3227 (CBM), 2003 WL 22743829, at *2 (S.D.N.Y. Nov. 20, 2003). Rather, such an action is improper if the filing is "one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." *Id.* (quoting *Pharm. Res., Inc. v. Alpharma USPD, Inc.*, 2002 U.S. Dist. LEXIS 8549 at *8–9 (S.D.N.Y. 2002)) (internal quotations omitted). But such an apparent threat only exists where an opposing party puts the filing party on notice of a forthcoming lawsuit, communicating "the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." *Id.* (quoting *J. Lyons & Co.*, 892 F. Supp. at 491). Martin has not adequately demonstrated that Akers' filing was made as a direct result of the October 6, 2014 letter, which while certainly contemplative of litigation, failed to indicate either Martin's timeline for filing suit or identify the forum in which Martin intended to file such a suit. Accordingly, Martin has not met his burden of demonstrating that a special circumstance exists warranting departure from the first-to-file rule.

"Where special circumstances are not present, a balancing of the conveniences is necessary." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 276 (2d Cir. 2008). Moreover, the Second Circuit has made clear that the "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* at 275 (citing *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002)). Accordingly, the Court considers Martin's § 1404(a) argument in tandem with his balance of conveniences argument. However, before turning to the relevant factors, the Court first addresses the significance of the parties' forum selection clause, which largely dictates the question of convenience.

### b. The Effect of the Forum Selection Clause

Within the Second Circuit, a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Baosteel Am., Inc. v. M/V "OCEAN LORD"*, 257 F. Supp. 2d 687, 688 (S.D.N.Y. 2003) (quoting *M/V Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). To overcome this presumption of validity, the challenging party must meet the four-step inquiry laid out in *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007). This four part test first inquires as to whether the forum selection clause "was reasonably communicated to the party resisting enforcement." *Id.* (citing *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 103 (2d Cir. 2006)). Second, the Court must determine whether the clause is mandatory or permissive, in order to decide whether the parties "are *required* to bring any dispute to the designated forum or simply *permitted* to do so." *Id.* (citing *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994)). "Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause." *Id.* (citing *Roby v. Corp. of*

*Lloyd's,* 996 F.2d 1353, 1358–61 (2d Cir. 1993)).  If the "forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable," and the final step is ascertaining whether "the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Id.* (internal quotations removed).

Martin's motion barely acknowledges the existence of the forum selection clause, dismissing it as nonexclusive and otherwise the "only connection between the case and this district."  *See* Dkt. No. 9.  But merely dismissing the forum clause as the only connection to the case betrays the central flaw with Martin's motion, namely that the forum selection clause is itself sufficient to establish jurisdiction and venue in this Court.  Although Martin does not grapple with the *Phillips* factors in his motion, appeal to them makes clear that the forum selection clause should be respected and given its full effect.

Martin does not appear to dispute the first or third factor of *Phillips*, but does contend that the clause is nonexclusive and further that its enforcement in this case would be unreasonable or unjust.  Martin is plainly correct that the forum selection clause in the Agreement is facially nonexclusive.  The text of the clause itself states that the parties "submit to the *nonexclusive jurisdiction* of any state or federal court sitting in the State of New York for the purpose of any Action arising out of or relating to this Agreement . . ."  *See* Compl., Ex. A at § 9.12 (emphasis added).  While it is true that "[f]or a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language," *Macsteel Int'l USA Corp. v. M/V Larch Arrow, her engines, boiler, etc.,* 354 F. App'x 537, 539 (2d Cir. 2009) (citing *Central National-Gottesman, Inc. v. M.V. "GERTRUDE*

6

OLDENDORFF", 204 F. Supp. 2d 675, 678 (S.D.N.Y. 2002)), it is well recognized that such a clause may nonetheless be mandatory where it "combines permissive forum selection language with an express waiver of venue objections." *Eastman Chem. Co. v. Nestle Water Mgmt. & Tech.*, 11-cv-02589, 2011 WL 4005345, *2 (S.D.N.Y. Aug. 29, 2011). *See also Aguas Lenders*, 585 F.3d at 700 (holding that a permissive forum selection clause containing a waiver of any claims of *forum non conveniens* "amounts to a mandatory forum selection clause at least where the plaintiff cho[se] the designated forum") (citation removed). The forum selection clause at issue here states that the parties "*irrevocably waive* . . . any claim . . . that the Action is brought in an inconvenient forum" or "that the venue of the Action is improper . . ." *See* Compl., Ex. A at § 9.12 (emphasis added). In light of this unambiguous waiver, the forum selection clause is presumptively mandatory.

Having deemed the forum selection clause presumptively enforceable, Martin must overcome the "heavy burden" of rebutting this presumption. *See KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 387 (S.D.N.Y. 2011). Martin does not suggest that the clause itself was the result of fraud or overreaching, but does appear to contend that its enforcement would be unreasonable or unjust in light of Akers' alleged gamesmanship. But as already explained, the Court disagrees with Martin's characterization of Akers' conduct. It was not unreasonable for Akers to seek a clarification of their rights and to choose to do so in a forum the parties had mutually agreed to years prior. In sum, the Court believes that the forum selection clause is valid and applicable in this litigation.

That, however, does not end the Court's inquiry. "[T]he Court's finding that the forum-selection clause's language is mandatory does not prevent the Court from considering a motion to transfer. The Supreme Court has held that an agreement by the parties that a particular forum

7

shall have 'exclusive jurisdiction' over disputes is a 'significant factor that figures centrally in the district court's calculus' under § 1404(a) . . . However, as *Stewart* makes clear, the existence of a mandatory forum-selection clause does not by itself dispose of a motion to transfer under § 1404(a)." *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 394 (S.D.N.Y. 2006) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). While the Court must still consider Martin's motion to transfer, the Supreme Court has made clear that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013) (citing *Stewart*, 487 U.S. at 33 (Kennedy J., concurring)). Accordingly, Martin must "demonstrate exceptional facts explaining why [it] should be relieved from [its] contractual duty." *Beatie & Osborn*, 431 F. Supp. 2d at 394 (quoting *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992) (Leisure, J.)). *See also Orix Credit Alliance, Inc. v. Mid-S. Materials Corp.*, 816 F. Supp. 230, 234 (S.D.N.Y. 1993) ("the fact that both parties initially accepted the jurisdiction of the courts of New York must count"). The Court now turns to the traditional § 1404(a) factors which, as explained, do not support a transfer of venue in this case, particularly when weighed in light of the forum selection clause.

### c. Transfer of Venue/Balance of Convenience Factors

A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Among the relevant factors to be considered are "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel

the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (citation omitted). The Court now considers these factors in light of the parties' mandatory forum selection clause.

### i.     Plaintiff's Choice of Forum

Martin contends that Akers' election to litigate this case in the Southern District of New York is entitled to little consideration, because the operative facts of the case occurred in New Jersey and Florida. But this neglects the fact that "plaintiff's choice of forum, which gives effect to the . . . forum selection clause of the Agreement, is entitled to significant weight in the § 1404(a) analysis." *TFS Energy, LLC v. Campisi*, 06-cv-191 (RNC), 2007 WL 638248, at *2 (D. Conn. Feb. 26, 2007). *See also Sovereign Bank v. Ellis*, 09-cv-2597 (PGG), 2009 WL 2207922, at *4 (S.D.N.Y. July 23, 2009) (denying motion to transfer where plaintiff's choice of forum accorded with forum selection clause); *Duke, Holzman, Photiadis & Gresens LLP v. Cosentino*, 08-cv-437, 2009 WL 57574, at *5 (W.D.N.Y. Jan. 8, 2009) (citing *Beatie and Osborne*, 431 F. Supp. 2d at 395) ("Defendant has offered no exceptional facts showing that this forum selection clause should not be enforced . . . In addition, a plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer.") (internal quotations removed). In light of the mandatory forum selection clause, this factor does not support transfer of venue.

### ii.    Convenience of Witnesses

Martins contends that this factor is evenly balanced between the parties. But this similarly neglects to take account of the forum selection clause. Where such a clause is in place, a court "'should not consider arguments about the parties' private interests,' as the parties have

'waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.' . . . Therefore, 'a district court may consider arguments about public-interest factors only,' but 'those factors will rarely defeat a transfer motion.'" *In re Residential Capital, LLC*, 14-cv-4950, 2014 WL 4652664, at *4 (S.D.N.Y. Sept. 10, 2014) (quoting *Atl. Marine,* 134 S. Ct. at 582) (internal citations omitted).

### iii. Location of Relevant Documents and Ease of Access to Sources of Proof

As Martin himself acknowledges, the location of documents is not an important consideration in the age of instantaneous electronic communication and overnight shipping. Accordingly, this factor similarly does not weigh in favor of transfer. *See AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, 14-cv-2792 (SAS), 2014 WL 3778200, at *5 (S.D.N.Y. July 30, 2014) (citing *Pippins v. KPMG LLP*, 11-cv-377 (CM), 2011 WL 1143010, at *5 (S.D.N.Y. Mar. 21, 2011).

### iv. Convenience of the Parties

As previously explained, this factor need not be considered in light of Martin's consent to the mandatory forum selection clause. *See, e.g., Sovereign Bank v. Ellis*, 09-cv-2597 (PGG), 2009 WL 2207922, at *4 (S.D.N.Y. July 23, 2009) (citing *Richardson Greenshields Sec., Inc. v. Metz,* 566 F.Supp. 131, 134 (S.D.N.Y. 1983)) (noting that a forum selection clause "is determinative as to the convenience of the parties."); *Berkley Reg'l Ins. Co. v. Weir Bros.*, 13-cv-3227 (CM) (FM), 2013 WL 6020785, at *5 (S.D.N.Y. Nov. 6, 2013) ("All the inconvenience Defendants now claim was foreseeable at the time they entered into the Indemnity Agreement with Plaintiff.")

### v. Relative Means of the Parties

In light of the forum selection clause, the Court does not assign significant value to this factor, which is reflective of the parties' private interests. *See In re Residential Capital, LLC*, 2014 WL 4652664, at *4. Even if the Court were to take it under significant consideration, Martin has not adequately demonstrated that he would suffer a *significant* hardship if forced to litigate the case in New York, as compared to Florida. *See Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 329 (E.D.N.Y. 2010) ("although the relative means of an individual plaintiff in contrast to a large company clearly favors plaintiff, the Court does not view this factor as having significant weight in this particular case because plaintiff has been unable to demonstrate a substantial hardship (financial or otherwise) caused by the transfer").

### vi. Locus of Operative Facts

This is perhaps the only factor weighing in favor of transfer. As Martin appropriately notes, the Agreement at issue was executed by Martin in Florida and the 2012 settlement between the parties concerned a state court action within the Middle District of Florida. Moreover, Akers does not appear to dispute that none of the operative facts in this case occurred within the Southern District of New York. Accordingly, this factor weighs in favor of transfer.

### vii. Forum's Familiarity with Governing Law

This factor is of little significance in this case "because federal courts are deemed capable of applying the substantive law of other states." *Indian Harbor Ins. Co. v. NL Envtl. Mgmt. Servs., Inc.*, 12-cv-2045 (PGG), 2013 WL 1144800, at *11 (S.D.N.Y. Mar. 19, 2013) (citing *Ivy Soc'y Sports Grp., LLC v. Baloncesto Superior Nacional*, 08-cv-8106 (PGG), 2009 WL 2252116, at *8 (S.D.N.Y. July 28, 2009)). Moreover, the parties do not dispute the fact that the Agreement identifies New Jersey law as controlling. While the Middle District of Florida is

11

certainly capable of applying New Jersey law in this case, it does not possess any greater ability to do so than this Court.

### viii. Summary

Considering these factors in tandem, it is plain that transfer to the Middle District of Florida is not appropriate in this case. Only one factor weighs in favor of the Defendant's request, while every other factor is either neutral or weighs in favor of this Court retaining venue. This conclusion is strongly reinforced by Martin's own decision to sign an agreement clearly waiving his right to object on the basis of venue. *See* Compl., Ex. A. *See also Brassica Prot. Products LLC v. Caudill Seed & Warehouse Co.*, 07-cv-7844 (SAS), 2007 WL 4468655, at *2 (S.D.N.Y. Dec. 19, 2007) (concluding that forum selection clause was entitled to "great weight" and that transfer was inappropriate despite the fact that parties and witnesses would be modestly inconvenienced by litigation in New York). The Court sees no reason to upset the valid forum selection clause the parties struck in 2007.

## III. CONCLUSION

In conclusion, Martin's motion to transfer venue is DENIED. This resolves Dkt. No. 9.

SO ORDERED.

Dated: March 10, 2015
New York, New York

ALISON J. NATHAN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 10 2015